## ESPY *vs.* BALKUM.

[APPEAL FROM JUDGMENT OF CIRCUIT COURT QUASHING EXECUTION.]

1. *Appeal bond; what judgment does not supersede.*—On an appeal to this court, by the defendant in a judgment rendered in the circuit court, from an order of said court refusing, on the motion of such defendant, to set aside its judgment and grant a new trial in the cause and taxing him with the costs of the motion, the bond on the appeal from such order of the circuit court, refusing to set aside its judgment, &c., does not supersede the original judgment, although the bond may be in the form and for the amount prescribed by the statute, in order to operate as a *supersedeas.* Only the judgment appealed from is superseded by such appeal bond.

2. *Same; when error to quash execution.*—In such a case, it is error for the circuit court to quash an execution regularly issued on the original judgment, because of the giving of such appeal bond, and because at the time of the issue of execution said appeal was still pending and undetermined in the supreme court.

APPEAL from Circuit Court of Henry.
Tried before Hon. J. McCALEB WILEY.

The opinion states the facts.

F. M. WOOD, for appellant.
W. C. OATES, *contra.*

PETERS, J.—This is an appeal from an order of the circuit court quashing an execution. The record shows,

that the appellant, who was plaintiff below, recovered judgment against the defendant, Balkum, for two hundred dollars and costs of suit in the circuit court of Henry, in the year 1867. This judgment was recovered in an action of debt upon the verdict of a jury, founded on a promissory note. After this, at the fall term of said circuit court in 1868, the said defendant, said Balkum, moved to set aside said judgment, upon the grounds that the note on which said judgment was recovered, was given " solely in consideration of a negro slave." This motion was denied and refused by the court with costs.

From this judgment on said motion, Balkum appealed to the next succeeding term of the supreme court, and give bond with surety in the penalty of four hundred dollars, conditioned, that " if said Balkum shall prosecute his said appeal to effect and pay the said Espy as aforesaid all such costs and damages as he may sustain by the wrongful taking of this appeal," then the obligation to be void. At the January term, 1870, of this court, the judgment so appealed from was affirmed. During the pending of said appeal in this court, to-wit : on the 12th day of April, 1869, said Espy caused execution to be issued on said judgment against said Balkum, and levied on his property. And on the 21st day of April following, said Balkum gave Espy notice, that he would at the next term of said circuit court, move to quash said execution " upon the ground that an appeal bond was given in said cause in double the amount of the judgment, and that said cause is still pending in the supreme court of Alabama, and is undetermined." Upon the hearing, said motion was allowed and said execution was quashed by judgment of said circuit court. This judgment on said motion, seems to have been rendered at the spring term, 1869, of said circuit court of the said county of Henry. And the said Espy appealed from the same to this court, and here assigns the order and judgment of the court below quashing said execution as error.

The learned judge of the circuit court seems to have fallen into a mistake in reference to the character of the bond for the appeal in the first instance in this case.

There was no appeal from the original judgment, but only from the judgment on the motion to set aside this judgment. These judgments are distinct, though rendered in the same cause and between the same parties. A mere appeal does not operate as a *supersedeas*. But there must also be an appeal bond in the penalty and upon the condition required by the statute ; and it must be given in the case of the judgment appealed from. It can not suspend any other judgment.—Revised Code, § 3489.

The action of the court below, then, in quashing the execution in this case for the cause shown, was erroneous.

The judgment of the court below is therefore reversed, and the cause remanded.